### ANTONIO FERRUOLO *vs.* COLUMBUS EXCHANGE TRUST COMPANY.

JUNE 18, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

78

FLYNN, C. J.   This is a bill in equity brought to compel the respondent mortgagee to execute a transfer of a mortgage which it held on real property allegedly owned by the complainant. The respondent's amended answer sought relief on the ground that the conveyance of the property in question from the former owners to the complainant was made without consideration and in fraud of creditors; it also included other allegations and prayers for affirmative relief, in the nature of a cross bill. The cause was heard in the superior court upon bill, amended answer, replication

and proof; and a final decree was entered denying and dismissing the bill of complaint, and granting the relief prayed for by the respondent. The case is before us upon the complainant's appeal from this decree.

The following facts appear in the evidence. Bernardino Sciaretta and wife Rose owned a parcel of realty on Sutton street and had an interest in another parcel on Swiss street, both in Providence. On September 10, 1930 the Sciarettas, together with other part owners, executed a mortgage covering the Swiss street property to the respondent bank to secure a note in the amount of $5000. Apparently on February 20, 1926, the Sciarettas had executed another mortgage to the respondent covering the Sutton street property, to secure a note in the sum of $450. On April 21, 1932, the Sciarettas executed a deed allegedly conveying to the complainant this Sutton street property "subject to all encumbrances of record." Notwithstanding this alleged conveyance, the Sciarettas continued to live in the Sutton street property, and to exercise, as formerly, all apparent rights and to perform all obligations of its ownership, including payments on the mortgage interest and principal to the respondent. The last payment on the principal of this note was made after the death of both Sciarettas by their son on September 8, 1936.

Rose Sciaretta deceased in February and her husband in May 1934. Following their deaths, their son and heir, Peter Sciaretta, occupied the premises and continued to collect the rents and to make payments to the respondent on the interest and principal of the mortgage of the Sutton street property. Receipts for such payments were given by the bank at all times in the names of Bernardino and Rose Sciaretta. Administration was taken out only upon the estate of Bernardino Sciaretta, and such administrator was not made a party to this proceeding.

The complainant personally never collected any rents from the tenants of the property and never managed it or

paid taxes; nor did he make any payments to the bank for mortgage interest or principal. In fact, nothing was ever said by Bernardino, Rose, or Peter Sciaretta to the bank about the complainant or his alleged purchase of the property.

On October 1, 1936, the complainant, by letter, demanded that the bank transfer to a third designated person the mortgage which it held upon the Sutton street property, upon his payment to the bank of the amount due on the note and mortgage. No definite sum was stated to be due and apparently no actual tender of the amount due to the bank was made. The bank failed or refused to comply.

On October 16, 1936, after the death of the Sciarettas, the respondent foreclosed its mortgage upon the Swiss street property, by virtue of the power of sale contained in the mortgage and of defaults by the mortgagors in the payments due thereunder. Only $1000 was bid at the mortgage foreclosure sale of the Swiss street property, thus leaving a deficiency, with accrued interest and expenses of sale, totaling $4147.34.

The evidence does not disclose that the respondent filed or proved any claim against the estate of Bernardino Sciaretta. After the foreclosure sale of the Swiss street property and after receipt of the demand to transfer the Sutton street mortgage, the bank investigated and discovered for the first time that the Sutton street property apparently had been conveyed to the complainant by deed of the Sciarettas, dated April 21, 1932. Upon the bank's refusal to transfer the mortgage on the Sutton street property, the complainant brought his bill in equity to compel such transfer, in accordance with general laws 1923, chapter 302, sec. 7.

By stipulation signed by the attorneys for both parties, the bank was permitted to file an amended answer to the bill, which answer contained also allegations, in the nature of a cross bill, that the conveyance from the Sciarettas to the complainant dated April 21, 1932 was made without consid-

eration and in fraud of the bank and other creditors; and it also prayed that the complainant be found to hold the legal title to the Sutton street property in trust for the bank for the satisfaction of the deficiency debt under the note and mortgage of the Sciarettas, in an amount to be proved as the court would determine.

At the conclusion of the evidence, the trial justice found that the conveyance from the Sciarettas to the complainant was made without consideration and with the intent to defraud creditors including the bank; that the bank had established the deficiency under the Sciarettas' mortgage note on the Swiss street property in the amount of $4147.34; that the bank, being a creditor, and the first to locate the property conveyed in fraud of creditors, was entitled in equity to have the complainant declared to hold the property in trust for the satisfaction of the respondent's claim in the above amount. Thereupon a decree was entered, denying and dismissing the complainant's bill of complaint, and granting the relief as prayed for by the respondent's answer in the nature of a cross bill.

The complainant concedes substantially that the finding of the trial justice on the conflicting evidence, that the conveyance to the complainant was made without consideration and in fraud of creditors of the Sciarettas, must stand unless clearly erroneous. No attempt is made in his brief or argument to show that such a finding was clearly erroneous or based upon any misconception of the evidence. Further, he concedes substantially that, if the Sciarettas were living, the respondent would be entitled to the relief granted, upon the view of the evidence taken by the trial justice. But he now contends for the first time that the failure of the bank to file, within the statutory period, any claim against the estate of Bernardino Sciaretta, or to have administration taken out and its claim filed in the estate of Rose Sciaretta, not only barred such claim from being filed or collected against the estate or assets in the hands of the

administrator, but also barred the debt for any and all purposes. He argues that the respondent, having no claim, could not be a creditor.

On the other hand, the respondent contends substantially that the bank's failure to file its claim against the estate of Bernardino Sciaretta—there being no administration on the estate of Rose Sciaretta—merely barred any action thereon against the estate of Bernardino Sciaretta, and any collection of the debt from assets in the hands of the administrator of that estate; that the property in question was not part of the estate of either Bernardino or Rose Sciaretta and could not have been recovered as an asset by the representative of either estate, because the conveyance, though in fraud of creditors, was good as between the parties, citing *Estes* v. *Howland,* 15 R. I. 127; and that, even if the claim had to be filed against the estates of the Sciarettas to make the respondent a creditor, the objection was not available to the complainant unless he showed himself to be a creditor or administrator of either estate or an heir of the deceased.

We are of the opinion that, given proper original jurisdiction in equity of the parties and property, and in the absence of any statutory requirement or other authority clearly and effectively barring the debt for all purposes, the complainant's objection is not available to him in the circumstances of this case.

At the hearing in the superior court, no objection was made to the filing of the amended answer or to the evidence offered by the respondent thereunder to prove its allegations for affirmative relief. The evidence was not disputed that there was a deficiency under the mortgage note and foreclosure on the Swiss street property amounting to $4147.34, and there is no contention that the sale was unfair or illegal. Neither the complainant, the administrator, or the son of the Sciarettas disputed the debt. The complainant's defense to the cross bill, apparently relied upon exclusively at that time, was the good faith of the complain-

ant and his payment of a valuable consideration for the conveyance. These issues having been found against him on the evidence, he now shifts his ground and relies entirely on another question of law. To permit the complainant to prevail in his argument before us would be the equivalent of allowing him to raise, for the first time on his appeal before us, a question which was not properly raised at the hearing in the superior court. The only questions and issues entitled to be reviewed are those raised properly in the court below. See *Di Iorio* v. *Considine*, 53 R. I. 382.

Moreover, the complainant by his present contention would use the jurisdiction of equity to do injustice by protecting himself in the enjoyment of the fruits of a fraudulent conveyance, notwithstanding that he has been found, in this suit in equity brought by himself, to be the holder of the property without consideration and in fraud of creditors. There is no question here but that equity has proper jurisdiction of both parties and property, by virtue of the complainant's own bill; and that the complainant is not interested as the representative of the estate of either of the Sciarettas or as an heir or a creditor thereof. Having taken jurisdiction properly to determine one issue pertinent to the property, equity could retain jurisdiction for other germane issues, in the absence of suitable objection. Therefore, we are of the opinion that, even if the complainant's objection is valid when raised by an aggrieved interested party in the ordinary case, it is not, on the record and transcript before us, available now to the complainant, who is wholly disinterested in the decedent's estate and has been found to be a fraudulent grantee.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Benjamin Cianciarulo, Aram Arabian,* for complainant.

*Philip S. Knauer, Luigi De Pasquale, Philip S. Knauer, Jr.,* for respondent.