DOMENICO EVANGELISTA *et al. vs.*
ANTONIO DE CUBELLIS, INC.

DECEMBER 14, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This action of assumpsit was tried in the superior court before a justice thereof sitting with a jury and resulted in a verdict for the plaintiffs for $1,000. Thereafter the trial justice denied the defendant's motion for a new trial and the case is before this court on the latter's bill of exceptions.

The plaintiffs sued to recover the sum of $1,000 which they contend was turned over to defendant as a down payment under an agreement to buy from it for $7,200 a certain lot of land with a small house thereon situated on Flower street in the city of Cranston in this state. The agreement, however, was not carried out. The evidence shows that the defendant corporation had for sale two new houses on that street; that the plaintiffs and their daughters after examining said houses selected for purchase the one nearer Phenix avenue; and that on December 28, 1949 they made a payment of $100 to Antonio De Cubellis, who conducted the negotiations on behalf of the corporation and who was the president thereof. On the following day at De Cubellis' urging he and Mrs. Anna Evangelista, who acted for both plaintiffs, went to a bank and she withdrew therefrom $900 which she paid to De Cubellis, who then gave her a receipt which reads as follows:

"Dec. 29 - 1949
received $1000.00 on Hous no
13 Flower st - cranston R. I.
bal to Paid in 15 days
total $6200.00 mortgage 5%
fifteen days
    Antonio De Cubellis Inc
    by Antonio De Cubellis"

The plaintiffs at once applied for a mortgage loan at another bank which was willing to advance $4,500. The defendant agreed to take a second mortgage for the balance of the purchase price. The plaintiffs then consulted an attorney who made an examination of the Cranston city records regarding the property in question. A copy of parts of certain plats recorded in the tax assessors' office was introduced in evidence by plaintiffs as an exhibit. Such copy also contained street numbering taken from records in the office of the public works department. From the exhibit it appeared that the tract of land involved herein was lot numbered 167 and that the street number

thereof as designated in the above records was not 13. The evidence was uncontradicted that when plaintiffs examined the property defendant had placed number 13 on the house which they agreed to purchase; and that the house properly numbered 13 by the city plat had been sold by defendant.

Apparently as a result of the examination made by the attorney, the plaintiffs, a few days after December 29, withdrew from the bank their application for a mortgage. Sometime in January 1950, the exact date being to some extent in dispute, they notified De Cubellis that in the circumstances they did not wish to buy the house and asked for a return of the $1,000 which they had paid defendant.

There is evidence that De Cubellis offered plaintiffs for the same price another house but they declined to accept such offer. The testimony is in direct conflict as to De Cubellis' answer to the requests of plaintiffs that their $1,000 payment be returned to them. The testimony offered in their behalf is to the effect that De Cubellis said he did not want their money and that they could have it back as soon as he sold the house in question less, however, any expenses incurred in connection with the sale. De Cubellis denied making any such statement and did not return the down payment of $1,000. It appears from the evidence, however, that such house was later sold by defendant to another party by deed dated February 8, 1950 for the same price of $7,200.

The declaration has only one count charging in substance that the defendant is indebted to the plaintiffs in the sum of $1,000 for so much money had and received by it to the plaintiffs' use and that defendant had promised to pay plaintiffs such sum but refuses to do so. The bill of exceptions contains seventeen exceptions to rulings on the admission, rejection, or striking out of evidence. Seven of such exceptions are now relied on. The remainder, which are neither briefed nor argued, are deemed to be waived. We have examined defendant's second exception, which

was to the refusal of the trial justice to strike out certain testimony given in direct examination by plaintiff Anna Evangelista detailing a conversation that she had with De Cubellis during which he stated in substance that he would return the money. In our judgment this testimony was material on the question whether the parties agreed to rescind the contract. Such rescission was an issue in the case as tried and we find no error in the ruling of the trial justice. This exception is overruled.

The other six evidentiary exceptions now pressed all relate to the same subject matter and may be treated together. In presenting their case the plaintiffs, over defendant's objection, attempted to show that there was some confusion regarding the numbering of the property which they had selected for purchase; that the house numbered 13 according to the correct numbering was not in fact the one so selected; and that the house properly numbered 13 had previously been sold by defendant to another person. They argued in substance that defendant was guilty of fraud and unconscionable conduct in attempting to convey to them a house other than the one the parties had agreed upon, and therefore that the evidence was properly admissible in the present case in which they were seeking to recover the down payment which they had made.

The defendant urged, however, that under the declaration, which contains only a count for money had and received but no special count charging fraud, the plaintiffs were not entitled to introduce the above evidence and that its exceptions should have been sustained. An examination of the authorities does not support defendant's position. In *Wartell* v. *Novograd*, 48 R. I. 296, this court stated: "Assumpsit for money had and received is an action contractual in form and equitable in its nature." And it also quoted with approval the following statement of law: "When one person has in his possession money which in equity and good conscience belongs to another, the law

will create an implied promise upon the part of such person to pay the same to him to whom it belongs and in such cases an action for money had and received may be maintained." See 4 Am. Jur., Assumpsit, §20, p. 508.

A count in money had and received is a proper form of action for the recovery of money paid on a rescinded contract. In 4 Am. Jur., Assumpsit, §27, p. 517, the rule is thus stated: "Money paid on a contract which has been rescinded may be recovered back in an action for money had and received where the refunding of the money is all that remains to be done, provided the plaintiff has been guilty of no fraud or illegal conduct in the transaction; in fact, that form of action is the usual and better mode of procedure, though a special count may be used." See 95 A. L. R. 1003. Further it is set out in 4 Am. Jur., Assumpsit, §38, p. 524, that "Under the common-law system of pleading, it is well settled that money or property obtained by fraud may be recovered under the common count in an action for money had and received, without specially pleading the fraud * * *." L.R.A. 1918F. 439. See also *Whitcomb* v. *Brant,* 90 N.J.L. 245; *Kremen* v. *Rubin,* 139 Md. 682, 690. In our opinion therefore the trial justice ruled correctly in admitting such evidence relating to alleged fraud as being material and relevant to the issues in the case. The exceptions under consideration are without merit and they are overruled.

The defendant also moved for a directed verdict which was denied. It is well settled that on such a motion all reasonable inferences from the evidence must be drawn in favor of the adverse party, and that such verdict should not be directed if on any reasonable view thereof that party is entitled to recover. *Andrews* v. *Penna Charcoal Co.,* 55 R. I. 215. The case at bar was tried primarily on the issue of whether a mutual rescission of the contract of purchase and sale of the property had been made by the parties. The law as to rescission of contracts is discussed

in *Seekins* v. *King,* 66 R. I. 105, and in *Dooley* v. *Stillson,* 46 R. I. 332.

In the case first cited it was held that generally speaking a vendee who repudiates his contract without legal excuse is not entitled to recover from the vendor money paid in part performance of an executory contract. However, the court stated there were exceptions to the rule, one of them equitable in character coming under the doctrine of unjust enrichment, and another resting on an express or implied rescission of the contract. The court in finding for the defendant vendor also said there was no evidence that he was guilty of fraud.

In the *Dooley* case the court held among other things that rescission is the abrogation or undoing of a contract from the beginning; that mutuality, express or implied, is necessary for rescission and may be found if, after breach of contract or abandonment by one party, the other by word or act declares the contract rescinded; and that in a law action the question of rescission is ordinarily one of fact and should be determined by the jury unless the evidence is clear and unambiguous. Further the general rule is that the right to rescind a contract must be exercised within a reasonable time after discovery of the facts from which it arises. 12 Am. Jur., Contracts, §447, p. 1029.

In applying the pertinent law to the instant case the evidence was clearly in conflict on the questions whether the parties, either expressly or impliedly, mutually rescinded the contract under consideration and whether the defendant had been guilty of fraud. It is our opinion that in the circumstances the trial justice ruled correctly in denying defendant's motion for a directed verdict and therefore its eighteenth exception is overruled.

The defendant's nineteenth exception is to that part of the court's instructions relating to the law of rescission as applied to the facts in this case. An examination of the portion of the charge in question shows that the trial

justice discussed at some length the law of rescission of contracts as applied to the facts in the instant case and quoted to the jury from two decisions of this court. We find no error in the law given to the jury in that regard or to its application to the facts in issue. It may be noted in this connection that the defendant made no request for any instructions covering an alleged omission or lack of clarity in the charge. *Cassidy* v. *McDonald,* 47 R. I. 147. This exception is overruled.

The defendant's remaining exception is to the refusal of the trial justice to grant its motion for a new trial. It is settled that where, in the exercise of his independent judgment, the trial justice has concluded on conflicting evidence that there was sufficient to support the verdict his decision on such a motion will not be disturbed by this court unless it is clearly wrong. *Gregory* v. *Eugene,* 75 R. I. 330. In the case at bar the trial justice in commenting upon the credibility of the witnesses stated that in his judgment the jury were not prompted in their verdict by sympathy for the plaintiffs and that on the issue of rescission the testimony of plaintiffs' witnesses was far more reasonable, reliable and probable than that of De Cubellis.

The defendant among other things has called to our attention a sentence in the decision of the trial justice which it contends contains inaccurate statements and amounts in substance to a misconception of the evidence. The defendant urges therefore that his ruling on the motion for a new trial should not be accorded the weight usually given to such decisions. We have examined the portion of the decision referred to by defendant, and while possibly the language employed is somewhat strong we are of the opinion that the trial justice in using it was not referring to any specific testimony in the case but was merely drawing his own inferences from the evidence generally. We find nothing which is sufficient to take this case out of the ordinary rule to which we have referred. The defendant's twentieth exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Uldrich Pettine,* for plaintiffs.

*Isidore Kirshenbaum, Louis Kirshenbaum,* for defendant.