FREDERIC ARBOLINO et al. vs. ALFREDO ARBOLINO.

JUNE 25, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

308

CONDON, C. J. This is a bill in equity to establish a constructive trust. After a hearing on bill, answer and proof a justice of the superior court entered a decree denying and dismissing the bill. The cause is here on the complainants' appeal from such decree.

In support of their claim of appeal they filed seven reasons but they have briefed and argued only one, namely, that the decree is against the weight of the evidence. Under such reason they contend that, on the evidence adduced at the trial and the law applicable thereto as laid down by this court in certain analogous cases, respondent must be deemed a constructive trustee and therefore the trial justice was clearly wrong in denying and dismissing the bill. We shall consider only that single reason of appeal since the others, not having been briefed or argued, are deemed to be waived. *Evangelista* v. *Antonio De Cubellis, Inc.*, 79 R. I. 142.

The complainants Frederic Arbolino and Nancy Arbolino Angell are the brother and sister respectively of respondent

Alfredo Arbolino. The controversy between them has arisen over the intention of their father Giuseppe Arbolino in conveying to Alfredo by quitclaim deed dated April 12, 1951 certain real estate located at 120 Rosedale street in the city of Providence. After their father's decease, intestate, on June 22, 1957, complainants brought the instant bill of complaint in which they pray that Alfredo be declared a trustee of the real estate for the benefit of the heirs of Giuseppe, namely, the parties hereto and another son Carlo. Although Carlo declined to join in the bill he appeared as a witness in the superior court and testified for complainants.

The bill alleges that the deed was made without consideration and merely for the purpose of enabling Giuseppe to qualify as an applicant for unemployment benefits or an old age pension from the state. The respondent's answer denies such allegations and further avers that he holds an absolute title in fee simple. The complainants testified in support of the bill and presented several other witnesses who testified in their behalf.

In his rescript the trial justice stated that after seeing and hearing the witnesses and considering all the evidence he was "clearly of the opinion that the complainants are not entitled to the relief for which they pray." He further stated: "Upon the evidence in the case there is no basis for asserting that Alfredo held the real estate in question in trust for his father or that after the father's death he held it in trust for the father's heirs." Before reaching those conclusions he reviewed all the evidence and commented upon the nature of the testimony of certain witnesses by way of explaining why he was not persuaded by such testimony. In this respect he also discussed at some length Frederic's testimony to the effect that the deed was made only to enable his father to qualify for an old age pension. The trial justice said he found it difficult to accept such testimony and gave his reasons for not doing so.

After carefully considering his rescript in the light of our own examination of the evidence we are of the opinion that his decision is not clearly wrong. In a case of this kind it is well settled that complainants have more than the usual burden of proof in that they must prove their case by clear and convincing evidence. *Rooke* v. *Grant,* 77 R. I. 447; *Cutroneo* v. *Cutroneo,* 81 R. I. 55. It is also well settled that where the evidence is so sharply conflicting as it is here and so much depends upon the credibility of the witnesses, the trial justice is in an especially advantageous position to determine where the weight of the credible evidence lies. In such case his decision will not be disturbed by this court unless it clearly appears that he has overlooked or misconceived material evidence. *Rooke* v. *Grant, supra.*

No useful purpose would be served by our reviewing the evidence in detail. It is sufficient for us to say that we find nothing in the transcript which would justify us in holding that the decision of the trial justice was against the weight of the evidence, as complainants argue. On the contrary we are not only of the opinion that he properly performed his duty in the premises, but it is also our independent judgment that his decision is supported by the evidence and does substantial justice between the parties.

It may not be amiss in the above connection to observe that it does not appear from the bill or the proof that Giuseppe authorized these complainants to take legal proceedings to have his deed set aside. Nor does it appear that he ever attempted to institute such proceedings in his lifetime. On the contrary, except for some slight testimony to the effect that he was disturbed by Alfredo's assertion of ownership of the real estate, the evidence strongly tends to show that he never expressed any intention to contest Alfredo's title under such deed. This view is borne out by the long lapse of time, over six years, between the delivery of the deed and the date of Giuseppe's death on June 22, 1957, during which time there was a total lack of action

either on his part or on the part of these complainants in his behalf. In such circumstances we are of the opinion that there was substantial warrant for the above-quoted statements of the trial justice and his ultimate decision.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis J. Kiernan,* for complainants.

*Brosco & Brosco, Fred Brosco,* for respondent.