MARGARET ST. GERMAIN *vs.* MANUEL DECARVALHO, *Adm'r, et al.*

MAY 9, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. This is a bill in equity to establish the ownership of a bank account of John Santos, deceased intestate, and to enjoin the bank from paying the funds on deposit therein to the administrator of his estate. The cause is here on the complainant's appeal from a decree of the superior court denying and dismissing the bill.

The complainant alleged that the deceased had given her the bank account at the Kent County Memorial Hospital with the understanding that if he did not get better she was to have the account. The deceased died March 24, 1961, at 4:10 p.m. He had been admitted to the hospital on March 1, 1961 on a provisional diagnosis of lung cancer and remained there until his death. Prior to being hospitalized he lived alone at 21 Angell Court in the town of West Warwick in a tenement which he rented from complainant who resided in an upper tenement in the same house. The

decedent was a widower whose wife had died a few years previously.

The complainant testified that she obtained possession of the bankbook in the following manner. On March 23, 1961 accompanied by her mother and sister, she visited Santos at the hospital around 7 p.m. and he asked her to go to his tenement, to which she testified she had a key, and bring him a green bag which she would find hanging on the back of his bedroom door. In response to that request she left the hospital with her mother and sister, went to the decedent's tenement, found the bag where he had said it was hanging and brought it to him the same night. She further testified that the decedent reached into the bag, took out the bankbook, and handed it to her saying: "This is for you, * * * it is all yours. * * * But please * * * claim my body * * * I want to be buried with my wife."

The complainant's mother and sister testified that during this conversation they were at the deceased's bedside and heard all that he had said as testified to by complainant. If they and complainant are to be believed, the deceased intended to make and actually made a gift causa mortis to complainant as alleged in her bill of complaint. However, respondents' evidence raises a question of the credibility of that testimony as to the two visits to the hospital at 7 p.m. on March 23.

It appears from such evidence that the hospital has a system of recording the visits to patients. According to its records the deceased had no visitors on March 23 after 7 p.m. except doctors making professional calls. A further question of complainant's credibility arises from her admission in cross-examination that she had at first told the administrator that she did not expect anything from the deceased and that she would give him the bankbook but wanted to consult counsel first.

There were certain other portions of complainant's testi-

mony that could reasonably tend to affect adversely her credibility but for our purpose there is no need to discuss them here. It is. sufficient to observe that the trial justice after commenting in his decision on her testimony as a whole did not credit it or that of the corroborating witnesses. He specifically noted that both of them were complainant's relatives and remarked by way of contrast that respondents' witnesses were strangers, one of whom was the records librarian of the hospital. He summed up his view of the testimony by stating that it failed to show a gift causa mortis by the required preponderance of clear and convincing evidence.

Under her first reason of appeal complainant contends that the trial justice did not apply the correct rule of law to the evidence. She argues that the language of his decision indicates that he erroneously applied the rule of proof beyond a reasonable doubt as in a criminal case. We do not so construe his language. If his references to doubt and suspicion are read in the context of his decision as a whole and not in isolation, it is clear that he concluded complainant should not prevail because her evidence did not amount to clear and convincing proof of the gift causa mortis as alleged in her bill.

This is the applicable rule in the case of a gift causa mortis as in a gift inter vivos. *Beals* v. *Lord,* 86 R. I. 241; *Schuyler* v. *Stephens,* 28 R. I. 506. Indeed the rule should be applied not less strictly in a gift causa mortis and this we think was in the mind of the trial justice when he said: "I can see why the rule is so stringent, especially where the last effects of the decedent can easily find their way into the hands of not only relatives but strangers. It is very easy upon his death to conjure up a story about his actions prior to his death and to attempt to establish a gift causa mortis." It is apparent that the trial justice knew and applied the correct rule of law. The complainant's first reason of appeal is therefore without merit.

Under her second reason of appeal complainant contends that the trial justice's decision is against the evidence and the weight thereof and that the decree based thereon therefore fails to do substantial justice between the parties. She argues that he misconceived some of the evidence and was confused as to the effect of other portions of it. She also claims that he failed to give due weight to the fact that her testimony was undisputed and that it was corroborated by her mother and sister.

From our reading of the transcript we cannot agree that he was confused or misconceived the evidence. Even though complainant's testimony was undisputed the trial justice was not obliged to credit it; rather he was bound in the circumstances to pass upon its credibility after giving it the closest scrutiny. *Wyatt* v. *Moran,* 81 R. I. 399. Our examination of his decision satisfies us that he so performed his duty and that there was a reasonable basis for his suspicion and doubt.

In such a case his decision is entitled to great weight and will not be disturbed by this court unless it is clearly wrong. This rule is especially applicable where as here complainant has the heavy burden of proving her case by clear and convincing evidence, *Walther* v. *McOsker,* 87 R. I. 386, and where so much depends upon her credibility. Unless the transcript clearly shows that the trial justice was mistaken in his judgment in this respect we will not reverse his decision because of the superior advantage which he has over this court of seeing the witnesses and noting their demeanor as they testify. *Arbolino* v. *Arbolino,* 89 R. I. 307; *Valois* v. *Pelletier,* 84 R. I. 181. We find nothing in the transcript indicating such mistaken judgment of the witnesses on his part and therefore we cannot say that his decision is clearly wrong.

Since the complainant has briefed and argued only the above reasons of appeal any other reasons are deemed to be waived.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John S. Brunero,* for complainant.

*Manuel A. DeCarvalho,* for respondents.