254 A.2d 763.

Lois Connor, *p. a. vs.* David Jablonski.

JUNE 19, 1969.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This bastardy proceeding was brought pursuant to G. L. 1956, chapter 8 of title 15, as amended. Trial by jury was waived and the case was tried to a justice of the family court who found the defendant not guilty. The case is here on the plaintiff's appeal.

The plaintiff first met defendant in December of 1964. She was not then a virgin. During the next few months they dated frequently and on most, if not all, of their dates they engaged in sexual relations. From early March, however, until May 30 they did not see each other and with

their May meeting their relationship terminated. A child was born to plaintiff on October 7, 1965. She claims that defendant is the putative father, and she says that she did not have sexual relations with anyone other than him during the critical period of possible conception.

The foregoing in substance is the essential evidence. Defendant acquiesced generally. He questions, however, whether he is the father of the child, and he questions, also, plaintiff's testimony that no other man had access to her. The trial justice entertained similar doubts, and he found, in substance, that plaintiff had not sustained her burden of proving by a fair preponderance of the credible evidence that defendant was the putative father of the child born to plaintiff.

The plaintiff now argues that the trial justice misconstrued the evidence and was clearly wrong. In support, she points to her frequent sexual relations with defendant during the period of possible conception; she refers to her own uncontraverted testimony that no other man had sexual relations with her during that period; and then she says in her brief that her case is based "* * * on the time honored elements of sexual acts over a period of time with one individual during a period of fertility, and [on the fact that] 'nine' months later [she] gave birth to the offspring of such an illicit relationship."

The logic of her position might be compelling had the trial justice believed her when she testified that defendant was the only person with whom she had intercourse during the critical period. While her testimony on that part of her case was positive and not discredited by other testimony, it was not conclusive upon the trial justice. Under our practice, he was at liberty to reject her positive uncontradicted testimony if it contained inherent improbabilities or contradictions, which alone, or in connection with other circumstances, tended to contradict it; and he was

likewise free to disregard it if he determined that it lacked credence or was unworthy of belief. *Laganiere* v. *Bonte Spinning Co.,* 103 R. I. 191, 236 A.2d 256; *Tirocchi* v. *United States Rubber Co.,* 101 R. I. 429, 224 A.2d 387; *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180, 66 A. 209. He could not, of course, arbitrarily and without basis find her untruthful, see *Michaud* v. *Michaud,* 98 R. I. 95, 200 A.2d 6, and in order to be sure that he did not act capriciously we look to his decision to ascertain the reasons underlying his rejection. *Jackowitz* v. *Deslauriers,* 91 R. I. 269, 162 A.2d 528.

When we read that decision we find that the trial justice discussed and analyzed plaintiff's testimony at some length. In deciding that her story was lacking in credibility, he commented about her inability to remember the date of her last menstrual period before the pregnancy and whether or not it was in the month of January. He referred also to the lack of any testimony of when it was she told her physician about the timing of her periods. Such matters, he said, were peculiarly within her own knowledge, and he found it strange that plaintiff was so vague in recalling so essential an element of her case and one which, if remembered, could have tied down to a relatively short period of time the date when conception occurred.

In addition, the trial justice was perplexed by plaintiff's story of how, and when, and in what circumstances she advised defendant of her pregnancy. She says she first told him about her condition during the month of February. It was not again discussed, although they continued to see each other, at least until the early part of March. From then until May 30 she remained in the city of New York and he in East Orange, New Jersey, where he was employed, and they did not see or communicate with each other. When they again met on May 30 he noticed that she was "getting fatter" and asked if she was pregnant. She replied "Yes, I am." This, in substance, is her story of how she

advised defendant that he was the father of the child she was carrying, and the trial justice found the story "most unusual." In his judgment it cast doubt upon her credibility. Commenting upon it in his bench decision, he said, "Now, this doesn't seem to be the response of a girl who has already told her paramour that she was pregnant, who had been sitting waiting for him for a period of sixty or more days, and who was now back in his company. When he said, 'Are you pregnant?', and she just said 'Yes', and didn't start something of a more violent nature or a more distressed nature, such as 'What do you mean?', or 'Of course I'm pregnant. You know I'm pregnant. What are you going to do about it? What do you mean I'm pregnant? I told you in February I was.' So, this strikes me as detracting from the credibility of the complainant's story."

Finally, the trial justice found it unbelievable that plaintiff, even though admittedly knowledgeable about such matters, could not recall whether defendant in his relations with her had used a contraceptive.

In our judgment it is unnecessary to refer further either to the evidence or to the trial justice's decision. From what we have already related it is clear that the result of this case turned on plaintiff's credibility. And on that issue the trial justice found that she had not told a completely credible story and he gave the reasons why he did not believe her. Since the record does not clearly show that he was mistaken in his judgment, we will not disturb his decision. *St. Germain* v. *DeCarvalho*, 96 R. I. 242, 190 A.2d 582; *Valois* v. *Pelletier*, 84 R. I. 181, 122 A.2d 150.

The plaintiff advances an additional argument which apparently relates to the trial justice's reference during the proceedings to the fact that her pregnancy lasted 40 complete weeks. The source of that knowledge was a copy of the illegitimate child's birth certificate which *plaintiff* had offered as a full exhibit, and which had been admitted over

*defendant's* objection. While plaintiff now suggests that the trial justice somehow erred in referring to the portion of the birth certificate which contained the information concerning the length of the pregnancy, she points to no ruling which she wants reviewed, and, a fortiori, she is unable to call our attention to any objection she urged at trial. There is, therefore, nothing for us to review inasmuch as we consider only questions and issues which were properly raised in the court below. *Point Trap Co.* v. *Manchester,* 98 R. I. 49, 199 A.2d 592; *Ferruolo* v. *Columbus Exchange Trust Co.,* 61 R. I. 77, 200 A. 451; *Di Iorio* v. *William H. Considine & Co.,* 53 R. I. 382, 167 A. 129.

The plaintiff's appeal is denied and dismissed.

*Max Levin, Leo P. Attilli,* for plaintiff.

*Jaseph A. Capineri,* for defendant.