**Supreme Court**
No. 2014-61-Appeal.

|  |  |
|---|---|
| Dorcas Henderson | : |
| v. | : |
| Kevin Fitzgerald, in his capacity as treasurer for the City of East Providence et al. | : |

**O R D E R**

This matter came before the Supreme Court on January 26, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

At all times relevant to this dispute, plaintiff, Dorcas Henderson (plaintiff or Henderson), was employed by the City of East Providence (the city), first as a laborer, then as a "light duty employee," and finally as a janitor. The essence of her grievance is that, due to various medical issues that caused her to miss work on multiple occasions, the city mistakenly regarded her as disabled. According to plaintiff, as a result of her perceived disability, in December 2006, the city transferred her from her position as a laborer with the highway division to a position as a custodian, which resulted in a pay cut. Following another absence from work due to a job-related injury, plaintiff was assigned to a "light duty" receptionist position at city hall. She was reassigned to her custodial position in May 2008, but, according to plaintiff, the work she was assigned to do "was more difficult than the work load assigned to other custodians * * *." In July 2008, plaintiff sustained a back injury while working, forcing her to take yet another leave

-1-

of absence. In February 2009, her doctor cleared her to return to work "without restriction." However, when she inquired about returning, she alleges that she was told she was not allowed to work for the city because she had a discrimination claim pending with the Rhode Island Commission for Human Rights, as well as a pending workers' compensation claim.

On March 23, 2009, plaintiff filed a three-count complaint in Providence County Superior Court alleging employment discrimination and constructive termination in violation of the Civil Rights of People with Disabilities Act, G.L. 1956 chapter 87 of title 42, and the State Fair Employment Practices Act, G.L. 1956 chapter 5 of title 28, as well as a violation of the Rhode Island Whistleblowers' Protection Act, G.L. 1956 chapter 50 of title 28. She sought damages for back pay, emotional pain and suffering, punitive damages, attorney's fees, and reinstatement to her job with the city as a laborer.

On September 25, 2013, plaintiff filed a motion for the hearing justice to recuse herself based on an allegation that the hearing justice made an ex-parte telephone call to plaintiff's counsel. The plaintiff asserted that this ex-parte communication was "a clear violation of the cannons [sic] of ethics" because the phone call concerned pending litigation, and she had "no other alternative" but to have the hearing justice recuse herself. The defendants objected to the motion, arguing that plaintiff failed to set forth any facts to suggest that the hearing justice had a "'personal bias or prejudice' * * * that would 'impair [her] impartiality and sway [her] judgment'" and that the phone call to plaintiff's counsel was "clearly in the context" of the hearing justice's effort to settle the case, which—according to defendants—is not in violation of the ethical canons.

On October 31, 2013, plaintiff filed a motion to amend her complaint, arguing that she had a right to amend it to conform to the evidence. The defendants objected, arguing that the

new complaint contained allegations arising from a different occurrence or transaction than what was referred to in the original complaint, and that the new claims were barred by the statute of limitations because the underlying incidents referenced in the amended complaint occurred on November 19, 2007, and January 22, 2008. The hearing justice denied plaintiff's motion to amend because it was, in her words, "crystal clear from a comparison of the two complaints that the new complaint point[ed] to different transactions than identified in the original complaint," and that it would be an abuse of her discretion to allow plaintiff to amend her complaint to include the time-barred claims.

Following the denial of her motion to amend her complaint, plaintiff suggested that she would not be able to proceed on her original one. Accordingly, the hearing justice dismissed her complaint pursuant to Rule 41(b) of the Superior Court Rules of Civil Procedure. Final judgment entered in favor of defendants on November 5, 2013. The plaintiff filed a timely notice of appeal.[1]

The plaintiff presents two issues on appeal. First, she argues that the hearing justice abused her discretion in denying her motion to amend her complaint. She also avers that the hearing justice should have recused herself in light of the ex-parte telephone call she made to plaintiff's counsel in which she "indicated that he should settle th[e] case for the amount * * * offered by [defendants]," in violation of the Code of Judicial Conduct.

"Rule 15(a) [of the Superior Court Rules of Civil Procedure] governs amendments to pleadings * * * and provides that once a responsive pleading is served, 'a party may amend [her] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'" Medeiros v. Cornwall, 911

---

[1] It should be noted that the original notice of appeal is not contained within the record; however, this Court granted plaintiff's motion to replace the original one with a copy of the same.

A.2d 251, 253 (R.I. 2006). "[T]he decision to grant or to deny a motion to amend a complaint is confided to the sound discretion of the [hearing] justice." Lomastro v. Iacovelli, 56 A.3d 92, 94 (R.I. 2012) (quoting Harodite Industries, Inc. v. Warren Electric Corp., 24 A.3d 514, 529 (R.I. 2011)). "Accordingly, we afford 'great deference to the [hearing] justice's ruling on a motion to amend,' and we 'will not disturb [that] ruling unless the [hearing] justice committed an abuse of discretion.'" Id. (quoting Harodite Industries, Inc., 24 A.3d at 529).

The claims plaintiff seeks to add via her amendment would undoubtedly be barred by the applicable statute of limitations—one year for claims under the State Fair Employment Practices Act, see § 28-5-17(a), and, at most, three years for civil rights claims,[2] see G.L. 1956 § 9-1-14(b)—given that the underlying incidents occurred in November 2007 and January 2008. In order to add a claim that falls outside the applicable statute of limitations, the proposed amendment must "relate back" to the date of the original pleading. Manocchia v. Narragansett Capital Partners Television Investments, 658 A.2d 907, 909 (R.I. 1995). "The parameters of this relation-back doctrine incorporate several underlying policies, not the least of which is to ameliorate the effect of the statute of limitations." Mainella v. Staff Builders Industrial Services, Inc., 608 A.2d 1141, 1143 (R.I. 1992). "The test of relation back is whether the amended pleading alleges a matter that arises out of the same 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" Id. (quoting Rule 15(c)).

---

[2] The plaintiff's second claim is brought pursuant to the Civil Rights of People with Disabilities Act (CRPDA), G.L. 1956 chapter 87 of title 42. This Court has not yet ruled on whether employment discrimination claims brought under the CRPDA are subject to the three-year statute of limitations in G.L. 1956 § 9-1-14(b) or whether they are subject to a shorter limitations period. See Horn v. Southern Union Co., 927 A.2d 292, 296-97 (R.I. 2007) (holding that employment discrimination claims asserted under the Rhode Island Civil Rights Act are subject to the one-year statute of limitations contained in the State Fair Employment Practices Act). Given that plaintiff's claims are barred under either the one-year or three-year statute of limitations framework, we need not decide at this time which is applicable.

The amended complaint seeks to add claims arising from entirely different transactions or occurrences than those referenced in the original complaint. In the original complaint, plaintiff alleged that the discriminatory action was the city assigning her out of the laborer's position as a result of her perceived disability; in the amended complaint, plaintiff alleges that the discriminatory action was the city assigning her work that is beyond the scope of the "light duty" receptionist position "[d]espite the fact that she was physically limited." The retaliation claims are also different: In the original complaint, plaintiff alleges that the retaliatory conduct was that she was no longer allowed to work as a laborer, while in the amended complaint she alleges that the retaliatory conduct was that she was no longer allowed to work in her light duty position as a receptionist. Since the claims in the amended complaint do not arise out of the same transaction or occurrence, they cannot "relate back" to the date of the original complaint. Thus, plaintiff's claims fall outside the statute of limitations. As a result, the hearing justice did not abuse her discretion in denying plaintiff's motion to amend her complaint.[3]

The plaintiff's other contention is that the hearing justice should have recused herself following an ex-parte telephone call she made to the plaintiff's counsel. To be sure, we are troubled by these types of ex-parte telephone calls made to counsel; however, although a motion to recuse and objection thereto was filed by the parties, and, while both parties argued it before this Court, the record reveals that in fact the plaintiff failed to press her motion for recusal any further in the Superior Court. The hearing justice never ruled on the motion, no order was ever entered, nor does the plaintiff present a transcript of any proceedings pertaining to the motion.

---

[3] Furthermore, we note that plaintiff's motion to amend came mere days before the case was set to reach trial. See, e.g., Harodite Industries, Inc. v. Warren Electric Corp., 24 A.3d 514, 532-33 (R.I. 2011) (noting that the hearing justice did not abuse her discretion by denying the plaintiff's motion to amend given the plaintiff's delay in filing the motion, the proximity of the motion to trial, and the prejudice to the defendant in having to defend the new allegations).

As such, the plaintiff's motion for recusal is not properly before this Court. <u>Connor v. Jablonski</u>, 105 R.I. 705, 709, 254 A.2d 763, 765 (1969) (noting that where the plaintiff fails to point to a specific ruling to be reviewed, "[t]here is * * * nothing for us to review inasmuch as we consider only questions and issues which were properly raised in the court below"); <u>cf.</u> <u>Lembo v. Lembo</u>, 677 A.2d 414, 420 (R.I. 1996) (We will not consider arguments for the first time on appeal "[w]hen * * * no express ruling has been made * * * and no objection was raised by the complaining party * * *.").

For the reasons set forth above, the judgment of the Superior Court is affirmed, and the record of this case shall be returned to that tribunal.

Entered as an Order of this Court, this 17th day of February**, 2016**.

By Order,


_____/s/_____
Clerk

**TITLE OF CASE:**     Dorcas Henderson v. Kevin Fitzgerald, in his capacity as treasurer for the City of East Providence et al.

**CASE NO:**     **N**o. 2014-61-Appeal.
(PC 09-1670)

**COURT:**     Supreme Court

**DATE ORDER FILED:**     February 17, 2016

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia A. Hurst

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Arthur Chatfield, Esq.

For Defendants:   Kathleen A. Hilton, Esq.
Marc DeSisto, Esq.
Brian Clifford, Esq.